UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

FREEMOND JORDAN,

    Petitioner,

v.   CAUSE NO. 3:19-CV-836 DRL-MGG

WARDEN,

    Respondent.

OPINION AND ORDER

Freemond Jordan, a prisoner without a lawyer, filed a habeas corpus petition under 28 U.S.C. § 2254 to challenge his conviction for murder and armed robbery under Case No. 71D02-1209-MR-13. Following a jury trial, on October 22, 2013, the St. Joseph Superior Court sentenced Mr. Jordan to eighty years of incarceration.

In deciding this habeas petition, the court must presume the facts set forth by the state courts are correct unless they are rebutted with clear and convincing evidence. 28 U.S.C. § 2254(e)(1). The Indiana Court of Appeals summarized the evidence presented at trial as follows:

> Dietrich Perkins was involved with selling and purchasing drugs in South Bend. Perkins got into a dispute with Forest Lamar because he claimed that Lamar had "shorted" him marijuana in a drug deal. On November 18, 2011, Lamar, Jordan, Sylvester Garner, and Bryant Hunt arranged to meet Perkins in an apartment complex parking lot. Each of the men were armed with handguns. Hunt drove to the parking lot in a Range Rover with Jordan in the passenger seat, and Lamar drove there in a Chevrolet Impala with Garner in the passenger seat. When they arrived at the parking lot, Garner got into the back seat of the Range Rover.

> Turquoise Parahams, Perkins's girlfriend, went with Perkins to the meeting. Perkins was driving Parahams's vehicle, and Parahams was in the passenger seat. When they arrived, Perkins backed into a parking spot and got into the driver's side back seat of the Range Rover. The men got into an argument in the Range Rover, and Jordan shot Perkins. Perkins got out of the vehicle and fell to the ground, and Garner and/or Hunt then shot Perkins again.
>
> Parahams heard the gunshots and ducked down in her car. The Range Rover started moving toward Parahams's vehicle, shots were fired at her, and Parahams "played dead." After Hunt drove the Range Rover away, Lamar stopped the Impala in front of Parahams's vehicle and fired more shots at her. When Lamar drove away, Parahams ran to a nearby cemetery and hid. Perkins died as a result of his wounds.

ECF 11-3 at 2-3; *Jordan v. State*, 16 N.E.3d 1039 (Ind. Ct. App. 2014).

In the amended petition, Mr. Jordan asserts that he is entitled to habeas relief due to ineffective assistance of trial counsel and prosecutorial misconduct. ECF 14. He asserts that the trial court demonstrated bias by preventing trial counsel from questioning a witness about his discussions with his attorney due to attorney-client privilege. Mr. Jordan further asserts that he is entitled to habeas relief due to ineffective assistance of post-conviction counsel. Because there is no constitutional right to post-conviction proceedings, the claims of ineffective assistance of post-conviction counsel do not present cognizable grounds for habeas relief. *See Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987).

## PROCEDURAL DEFAULT

Before considering the merits of a habeas petition, the court must ensure that the petitioner has exhausted all available remedies in state court. 28 U.S.C. § 2254(b)(1)(A); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). To avoid procedural default, a habeas petitioner must fully and fairly present his federal claims to the state courts. *Boyko v.*

2

*Parke*, 259 F.3d 781, 788 (7th Cir. 2001). Fair presentment "does not require a hypertechnical congruence between the claims made in the federal and state courts; it merely requires that the factual and legal substance remain the same." *Anderson v. Brevik*, 471 F.3d 811, 814–15 (7th Cir. 2006) (citing *Boyko*, 259 F.3d at 788). It does, however, require "the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings." *Lewis*, 390 F.3d at 1025 (internal quotations and citations omitted). "This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Id.* "A habeas petitioner who has exhausted his state court remedies without properly asserting his federal claim at each level of state court review has procedurally defaulted that claim." *Id.*

Mr. Jordan did not raise any of his claims on direct appeal.[1] ECF 11-3. On post-conviction review, Mr. Jordan presented each of his claims to the St. Joseph Superior Court. ECF 11-5. On appeal, Mr. Jordan made some effort to present his claims to the Indiana Court of Appeals, but the appellate court dismissed his appeal on the basis that he did not file a timely brief. ECF 17-2.

Mr. Jordan asserts that he has been subject to an institutional lockdown since January 21, 2021 and that safety concerns posed by other inmates impeded his ability to

---

[1] On direct appeal, Mr. Jordan argued that the trial court violated his right to confront his accusers by preventing trial counsel from questioning a witness about his discussions with his attorney, but he did not present this claim as a claim of judicial bias. ECF 11-3 at 6. Even if Mr. Jordan had, he would not have prevailed on the merits of such a claim in this habeas proceeding. *See Liteky v. U.S.*, 510 U.S. 540, 555 (1994)("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.").

freely leave his cell. He contends that these circumstances have limited his access to the law library and caused him to miss his deadline to file an appellate brief, which the court construes as a cause-and-prejudice argument. A habeas petitioner can overcome a procedural default by showing both cause for failing to abide by state procedural rules and a resulting prejudice from that failure. *Wainwright v. Sykes*, 433 U.S. 72, 90 (1977); *Wrinkles v. Buss*, 537 F.3d 804, 812 (7th Cir. 2008). Cause sufficient to excuse procedural default is defined as "some objective factor external to the defense" that prevented a petitioner from pursuing his constitutional claim in state court. *Murray v. Carrier*, 477 U.S. 478, 492 (1986).

According to the state court docket, Mr. Jordan first tendered his appellate brief on February 25, 2020. ECF 17-2. On March 12, the appellate clerk notified Mr. Jordan that the brief was defective for incorrect pagination and the absence of the appealed order. *Id.* Mr. Jordan tendered his appellate brief for a second time, but the appellate notified Mr. Jordan on April 1 that it was defective for the absence of the appealed order and an incorrect certificate of service. *Id.* From that date until the appeal was dismissed on February 22, 2021, Mr. Jordan submitted filings to the appellate court on ten separate occasions, including motions to extend, tendered appendices, and correspondence, but made no further effort to file a procedurally compliant brief. *Id.* Further, Mr. Jordan continued to have access to the courts even after the dismissal of the appeal as demonstrated by his correspondence to the appellate court on March 9, 2021 and his amended petition and motion for leave to proceed in forma pauperis in this case on April 12, 2021. *Id.*; ECF 14, ECF 15.

Though Mr. Jordan's access to the law library may have been limited to some degree, the record reflects that he had nearly one year to make minor revisions to his appellate brief. Given the frequency and the nature of his filings during that year and thereafter, the record indicates that Mr. Jordan had ample access to the courts and to the legal materials he needed to make those corrections. On this record, the court declines to excuse the procedurally defaulted nature of Mr. Jordan's claims.

## MOTION TO EXTEND

Mr. Jordan filed motions to extend the deadline to file the traverse, stating that he needs additional time to present his claims to the state courts. He also requests a remand to state court or a stay pending state court proceedings for this purpose. The court declines to remand this case because it is unclear that the court has the authority to remand habeas proceedings under 28 U.S.C. § 2254 to state court and because the habeas claims would remain procedurally defaulted even if this case were remanded.

Mr. Jordan also asks the court to stay this case to allow him to obtain counsel and to present his claims in state court. "Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Rhines v. Weber*, 544 U.S. 269, 277 (2005). The court declines to stay this case because Mr. Jordan has not shown good cause for not properly presenting his claims in state court. To the contrary, as detailed already, Mr. Jordan had ample time, access to the courts, and legal resources to make the necessary minor revisions to his appellate brief.

Further, additional efforts by Mr. Jordan to present his claims in state court would be futile. The St. Joseph Superior Court entered final judgment on Mr. Jordan's claims (ECF 11-5), so Mr. Jordan's efforts to initiate post-conviction proceedings on those claims would be barred by claim preclusion. *See MicroVote Gen. Corp. v. Indiana Election Commn.*, 924 N.E.2d 184, 191 (Ind. App. 2010) ("The doctrine of res judicata bars the litigation of a claim after a final judgment has been rendered in a prior action involving the same claim between the same parties or their privies."). Mr. Jordan's efforts to reopen his appeal in state court would be similarly futile given that any applicable deadline to request such relief expired more than four months ago. *See* Ind. R. App. 34(B) (ten days for a motion to reconsider); Ind. R. App. 54(B) (thirty days for petition for rehearing); Ind. R. App. 57(C) (forty-five days for petition to transfer).

In sum, the court denies Mr. Jordan's motions to extend the deadline to file a traverse because neither a stay of proceedings nor a remand would be appropriate under these circumstances and because additional efforts to fairly present claims in state court would be futile. Because Mr. Jordan's claims are procedurally defaulted, the court denies the habeas petition.

## CERTIFICATE OF APPEALABILITY

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must grant or deny a certificate of appealability. To obtain a certificate of appealability under 28 U.S.C. § 2253(c), the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that a reasonable jurist could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues

6

presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For the reasons explained in this order, there is no basis for encouraging Mr. Jordan to proceed further.

For these reasons, the court DENIES the amended habeas corpus petition (ECF 14); DENIES the motions to extend (ECF 22; ECF 23); DENIES a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and DIRECTS the clerk to enter judgment in favor of the Respondent and against the Petitioner.

SO ORDERED.

August 31, 2021                    *s/ Damon R. Leichty*
                                   Judge, United States District Court